## MIEROSLOWSKI et v BUCHMAN

Ohio Appeals, 6th Dist, Huron Co

No 282. Decided May 9, 1932

Steuer, Briggs & Siegel for plaintiffs in error.

Rowley & Carpenter, Norwalk, for defendant in error.

WILLIAMS, J.

The record does not disclose that John Mieroslowski was ever served with summons in the court below or entered his appearance and no judgment was rendered against him. He is therefore improperly joined as plaintiff in error.

The evidence discloses that Juanita Mieroslowski, a young lady about twenty years of age and a teacher in the public schools of Hamtramck, a city in the environs of Detroit, shortly after noon on the day in question, with four companions who were relatives and friends, started from Detroit

for Cleveland via Toledo in the Studebaker sedan for the purpose of attending the funeral of a friend and acquaintance who had been killed in an automobile collision. The plaintiff, Henry A. Buchman, who lived in Crawford County near Chatfield, Ohio, had been to the market at Cleveland and was returning in his Ford truck on which were loaded a great many chicken crates. Just prior to the accident the Studebaker sedan was proceeding easterly on U. S. Route 20 and following an east-bound Ford sedan which had come from Chicago and had several occupants. The Studebaker sedan gained on the Ford sedan and was about to pass it as the plaintiff's Ford truck approached on the same highway from the opposite direction. The plaintiff adduced evidence tending to show that his Ford truck and the Studebaker sedan driven by the defendant Juanita Mieroslowski collided just opposite the rear wheel of the Ford sedan in which were riding the people who had come from Chicago. The defendant below adduced evidence tending to show that the Studebaker sedan turned out to go by the Ford sedan but turned back behind that car and that the Ford truck hit the Studebaker sedan somewhere near the left rear wheel. Plaintiff's son and the mother of Juanita Mieroslowski were killed and the plaintiff and Juanita Mieroslowski, and some of the others in the Studebaker sedan, were severely injured.

The first contention made is that the verdict is manifestly against the weight of the evidence. We are satisfied, after an examination of the record, that this contention is not well-founded.

The second contention of plaintiff in error is that the court erred in its charge to the jury. The court gave to the jury the law as to negligence and contributory negligence and, in addition thereto, charged as follows:

"Then another issue is raised by this amended petition that should have to have your consideration; for it is, in this petition, charged that the unlawful and negligent acts on the part of the defendant above set forth were the direct and proximate cause of the damages and injuries to the person and property of plaintiff, as hereinafter alleged, and were—this part is especially called to your attention, that I am about to read,—'in wantonly, wilfully and maliciously committed by the defendant, causing the injuries and damages to the person and property of the plaintiff, as herein set forth.'

This raises the question that you must test from the evidence, as to whether or not the negligent acts you find that the defendant engaged in were wilfully and wantonly done on her part.

Negligence in the ordinary term does not necessarily contemplate the operation of the mind as an intent,—as an affirmative intent. It contemplates carelessness, heedlessness or inattention, and things that result from such without any definite purpose in mind on the part of the actor produces the result which may have followed. But, if the act is willful or wanton or malicious, that contemplates a positive purpose on the part of the individual to produce the result, or some such result, as that which followed—not necessarily, not the exact result, but something of the type.

Malice, as here used, does not necessarily mean ill will or hatred to a particular individual. Wantonness, as used here, does not necessarily mean a purpose on the part of this defendant to injure this particular plaintiff, or any one in particular. It may be established by such heedless disregard of the duty one owes to another, under the circumstances, which might well lead such person using such conduct, or engaging in such conduct, to know that injury would result from it.

An illustration of that, that has been used by someone, has been where a person riding a rather spirited horse, should ride into a crowd of people; not intending of course to hurt anyone in particular, but cognizant that such person must be injured, that someone is almost sure to have from such conduct.

Now, if in your survey of the evidence, you come to the conclusion that such wrongful conduct, you find the defendant guilty of in this connection, was of this type as willful wanton or malicious towards this plaintiff, and that such conduct caused, approxmately, the injuries to the plaintiff, then you have found for the plaintiff; and, if you come to the conclusion, it will not be necessary for you to consider any further issues in the lawsuit, but it will be your duty to proceed at once, next, to determine the amount of damage that resulted to the plaintiff from such wrongful conduct on the part of the defendant."

The amended petition, after setting forth many grounds of negligence upon which the plaintiff relied, alleged:

"8. That the unlawful and negligent acts on the part of the defendants above set forth were the direct and proximate cause

of the damage and injuries to the person and property of plaintiff as hereinafter alleged and were wantonly, wilfully and maliciously committed by defendants causing the injuries and damages to the person and property of plaintiff as herein set forth."

The trial court, in using the language quoted from the charge, was therefore covering an issue made by the pleadings.

Counsel for defendant in error contend that the facts involved in the case at bar bring it within the principle announced in **Payne v Vance, 103 Oh St, 59 and Masters, Admx v Von Lehmden et, 36 Oh Ap, 414.** In our judgment the trial court was not justified under the evidence in this case in charging the jury upon the alleged wantonness, wilfulness and maliciousness of defendant, Juanita Mieroslowski, for the reason that there was no evidence tending to show a wanton, wilful and malicious act on her part, and to do so constituted prejudicial error. There was no claim made that the plaintiff was guilty of wantonness, wilfulness or maliciousness, and there was no evidence in proof thereof.

This opinion should not be construed, however, as an approval of the language used in the charge upon that subject, even if the issue was properly submitted to the jury.

For prejudicial error in charging as above quoted, the judgment will be reversed and the cause remanded for a new trial.

LLOYD and RICHARDS, JJ, concur.